**E-Filed 10/28/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMISI CALLOWAY,<br><br>                Petitioner<br><br>    v.<br><br>DERRAL ADAMS,<br><br>                Respondent | Case Number C 06-2531 JF<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR AN EVIDENTIARY HEARING |

## I. PROCEDURAL HISTORY

On June 13, 2002, a jury found petitioner Jamisi Calloway ("Calloway") guilty of attempted voluntary manslaughter, assault with a semi-automatic firearm, infliction of great bodily injury, and two counts of attempted carjacking. On September 6, 2002, the trial court denied Calloway's motion for a new trial. Calloway was sentenced to a term of imprisonment of thirty years and four months to life.

On January 7, 2003, Calloway filed a direct appeal and a habeas petition in the California Court of Appeal, which affirmed the conviction and denied the petition. On August 26, 2005, Calloway filed a petition for review and a habeas petition in the California Supreme Court, which

Case No. C 06-2531 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR AN EVIDENTIARY HEARING
(JFEX2)

1

denied both petitions. On April 11, 2006, Calloway filed the instant habeas petition in this Court, asserting claims for ineffective assistance of counsel and wrongful admission of unnecessarily suggestive photographic and in-court identifications.

## II. FACTUAL BACKGROUND

**A. Facts Relating to the Effectiveness of Trial Counsel**

While his case was pending in the Contra Costa Superior Court, Calloway was held at the Corcoran State Prison, and underwent kidney dialysis. Meanwhile, Calloway's trial counsel, Joseph McGrew ("McGrew"), was arrested for possession of drugs and for hit and run driving. At the time of Calloway's trial, McGrew himself was being prosecuted, but McGrew never informed Calloway of this fact.

At the sentencing hearing, Calloway was represented by a different attorney who informed the court that McGrew had been arrested for possession of drugs and for hit and run driving, and that those charges had been pending during Calloway's trial. The trial court refused to grant Calloway a new trial, finding that there was no evidence that trial counsel had failed to act competently. The court also stated that it could not discern any actionable conflict of interest, even assuming "for purposes of the discussion that all of this is true." The court explained, "I just don't see that there was an issue of competency, nor that there was a conflict of interest that would have prevented [trial counsel] from providing [Calloway] with his full attention. The issues that [Calloway] has raised through [his new attorney] are very clearly issues that he may want to bring up with the State Bar. But in terms of the only thing this Court is interested in is whether or not [Calloway] was given a fair trial with a competent attorney, and I don't believe even the new things that you have brought up to me are sufficient for the granting of a second new trial motion."

**B. Facts Relating to the Admission of Photographic and In-Court Identifications at Trial**

On January 13, 2000, between the hours of 7:00 pm and 8:00 pm, Dustin Yocum ("Yocum") was the victim of a shooting and attempted carjacking at a Gas For Less station. The carjacker was a black male adult weighing approximately 200 pounds, about 5'10" to 5'11"tall, wearing a yellow or gold puffy jacket. At the time, Yocum was accompanied by his girlfriend

1  Wendy Van ("Van").  Shortly after the shooting, Officers Rick Smith and Paul Aquinaga arrived
2  at the scene.  The officers obtained a videotape from Gas For Less, which they showed to Yocum
3  and Van, both of whom testified at Calloway's trial.
4       On January 13, 2000, within an hour of the shooting, Van was shown a segment of the
5  videotape which pictured only Calloway and Yocum.  On January 25, 2000, Yocum was shown
6  the same segment.  On May 4, 2000, Yocum was shown a six-person photo lineup.  Immediately
7  after viewing the lineup, Yocum again was shown the videotape segment together with a still
8  photograph of Calloway from the videotape.  The same photo lineup, videotape segment, and still
9  photograph were shown to Van on May 10, 2000.
10      A live lineup was never arranged.  At the preliminary hearing held on March 14, 2001,
11 Yocum and Van both identified Calloway as the shooter.  Calloway was the only black male
12 present at the hearing.  At trial on June 4, 2002, Yocum and Van again identified Calloway as the
13 shooter.  Yocum testified that he made the identification solely from memory, not based on the
14 video.  The state trial court admitted the identifications.

### III. LEGAL STANDARD

16      This Court will entertain a petition for writ of habeas corpus on "behalf of a person in
17 custody pursuant to the judgment of a State court only on the ground that he is in custody in
18 violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  The
19 petition may not be granted with respect to any claim that was adjudicated on the merits in state
20 court unless the state court's adjudication of the claim "(1) resulted in a decision that was
21 contrary to, or involved an unreasonable application of, clearly established Federal law, as
22 determined by the Supreme Court of the United States; or (2) resulted in a decision that was
23 based on an unreasonable determination of the facts in light of the evidence presented in the state
24 court proceeding."  28 U.S.C. § 2254(d).
25      A state court's decision is "contrary to" clearly established federal law if the state court
26 arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if
27 the state court reaches a decision different from that reached by the Supreme Court on a set of
28 materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court's

Case No. C 06-2531 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR AN EVIDENTIARY
HEARING
(JFEX2)

decision involves an "unreasonable application" of clearly established federal law if the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the petitioner's case. *Id*. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

A state court's decision is based upon "an unreasonable determination of the facts in light of the evidence presented" when the state court made a finding that was unsupported by sufficient evidence, utilized a process that was defective, or made no finding at all. *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). This Court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. DISCUSSION

**A. Calloway Was Not Deprived of His Rights to Discharge His Retained Attorney and to Represent Himself**

    **1. Calloway's Rights to Discharge Retained Counsel and to Self-Representation Were Not Violated By His Lack of Knowledge Regarding McGrew's Personal Circumstances (Grounds 1 and 3)**

Calloway first asserts that had he known of McGrew's arrest, he would have discharged McGrew and obtained new counsel or represented himself. "[T]he right to counsel of choice reflects not only a defendant's choice of a particular attorney, but also his decision to discharge an attorney whom he hired but no longer wishes to retain." *People v. Ortiz*, 51 Cal.3d 975, 983 (1990). In addition, "[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975).

Nevertheless, the right to self-representation is not unfettered — it must be timely

exercised. *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005) (discussing *Faretta*).[1] The Supreme Court has not clearly established the timing element with respect to a claim for deprivation of the right to self-representation; at most it is clear that the exercise of that right "weeks before trial" is timely. *Id*. Under California law, a *Faretta* request must be made a "reasonable" amount of time *before* trial. *Id.*

In this case, Calloway made a *Faretta* request *after* trial. When he sought to discharge his attorney, his request was granted. His right to discharge his attorney and his right to represent himself thus were honored. Calloway argues that his *Faretta* request should be "backdated" to the start of trial. Calloway's claim that he would have fired McGrew is speculative and self-serving. Whatever Calloway's subjective knowledge actually was, the state appellate court assessed the record and concluded that Calloway's request was untimely, finding that there was no showing of an actual conflict of interest or incompetence of counsel. That determination was not contrary to, or an unreasonable application, of *Ortiz* or *Faretta*.

**2. Calloway's Rights Were Not Negatively Affected By a Conflict of Interest Problem Nor Did He Suffer From Ineffective Assistance of Counsel (Grounds 2 and 4)**

Calloway next claims that McGrew's own arrest created a conflict of interest that prevented McGrew from providing Calloway with effective assistance of counsel. The Supreme Court has held that the right to conflict-free counsel applies whether counsel is retained or appointed. *Cuyler v. Sullivan*, 446 U.S. 335, 343-345 (1980). However, in order to obtain a reversal of criminal judgment, the defendant must demonstrate that an actual conflict of interest adversely affected his counsel's performance. *Mickens v. Taylor*, 535 U.S. 162, 174 (2002). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so

---

[1] *See also Ortiz*, 275 Cal. 3d at 983 ("A nonindigent defendant's right to discharge his retained counsel, however, is not absolute. The trial court, in its discretion, may deny such a motion if discharge will result in 'significant prejudice' to the defendant or if it is not timely, i.e., if it will result in 'disruption of the orderly processes of justice'").

Case No. C 06-2531 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR AN EVIDENTIARY HEARING
(JFEX2)

5

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

Calloway has not made any factual showing that McGrew had divided loyalties that caused him to provide an ineffective defense. No clearly established Supreme Court authority requires an attorney with personal problems to notify a client of those issues. The state appellate court concluded that there were no grounds for identifying a conflict of interest because while "[McGrew's] legal problems were potentially distracting . . . the same is true for any number of personal issues that attorneys, like other people, commonly face. It is assumed that attorneys are professionals who will put their personal problems aside when representing their clients." Calloway has not provided evidence suggesting that McGrew's performance was so plainly impacted by his personal issues so as to prejudice the outcome of Calloway's trial. Accordingly, the decision of the state appellate court to reject Calloway's claims is a reasonable application of federal law.

**3. Calloway Was Not Deprived of His Right To Consult With His Attorney (Ground 5)**

Calloway alleges that he was deprived of his right to consult with McGrew because Calloway's illness required him to be in prison confinement undergoing kidney dialysis while his case was pending trial. Calloway claims that under these circumstances he was unable to communicate freely with his attorney and that the two of them did not have enough time to meet and discuss trial strategy.

These claims are not supported by the record. Although Calloway's medical condition caused him to be held in a less convenient location, in fact he was able to consult with his attorney. As the state appellate court concluded, Calloway had ample time to consult with McGrew before, during, and after court sessions. The record affirmatively shows that McGrew had been representing Calloway in pretrial proceedings for more than a year and was familiar with the case. The appellate court observed that "although [Calloway] may have had few face-to-face conversations with his attorney before trial commenced, the record demonstrates that counsel was prepared for trial and was well aware of the arguments and defenses available to

[Calloway]." *See Slappy v. Morris*, 461 U.S. 1, 11 (1983) ("Not every restriction on counsel's time and opportunity to investigate or consult with his client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel."). Accordingly, the appellate court's rejection of Calloway's claims on these grounds was not unreasonable.

**B. The Trial Photographs and In-Court Identifications Were Not Impermissibly Suggestive (Ground 6)**

Finally, Calloway alleges that the trial court erred in denying his motions to exclude the photographic and in-court identifications on the grounds that they were the product of a suggestive investigative procedure.

The Supreme Court has held that whether a defendant may claim that "the confrontation conducted . . . was so unnecessarily suggestive and conductive to irreparable mistaken identification that he was denied due process of law" depends on the "totality of the circumstances." *Stovall v. Denno*, 388 U.S. 293, 301-302 (1967). "Witness identification at trial following a pretrial identification by photograph will be set aside . . . only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). To determine whether a witness had an independent basis for making an identification, the following factors should be considered: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

Looking at the particular facts in the record, the state appellate court found no likelihood of unnecessarily suggestive identification. The court noted that both Yocum and Van had the opportunity to observe Calloway before the crime occurred. Yocum had engaged in a ten to fifteen minute conversation with Calloway. Both witnesses were present at the scene of the crime as it took place. The man on the tape matched both Yocum and Vans' descriptions of the shooter. Van saw the tape shortly after the shootings. Both witnesses consistently demonstrated

an unwillingness to make identifications unless they were absolutely certain the person in question had been involved in the crime.  Under the totality of the circumstances, the state appellate court's determination as to the reliability of their identifications of Calloway as the shooter was not an unreasonable application of federal law.

**C. Calloway Is Not Entitled to an Evidentiary Hearing**

Calloway has requested an evidentiary hearing on all the issues raised in his petition for a writ of habeas corpus.  "A habeas petitioner is entitled to an evidentiary hearing as a matter of right on a claim where the facts are disputed if two conditions are met: (1) the petitioner's allegations would, if proved, entitle him to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts."  *Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997).

Calloway is not entitled to an evidentiary hearing.  The state trial court made specific findings on the relevant facts pertaining to Calloway's claims and the state appellate court reasonably determined that even if Calloway's factual allegations were true, he still would not be entitled to relief.

## V. ORDER

For reasons discussed above, the petition for a writ of habeas corpus and the request for an evidentiary hearing are DENIED.

**IT IS SO ORDERED.**

DATED: 10/28/2009

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-2531 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR AN EVIDENTIARY HEARING
(JFEX2)

This Order has been served upon the following persons:

Frederic Stuart Baker
fsb@wilsonimages.net

Morris Lenk
morris.lenk@doj.ca.gov

Case No. C 06-2531 JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR AN EVIDENTIARY HEARING
(JFEX2)